IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIVIA ROSING,** <br><br> Plaintiff, <br><br> v. <br><br> **KAOH Media Enterprises LLC, Kelly O'Neill and Allan Hug** <br><br> Defendants. | CIVIL NO. 2:22-cv-3403 <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE: |

<u>**COMPLAINT AND**</u>
<u>**REQUEST FOR JURY TRIAL**</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **OLIVIA ROSING**, a person of the age of majority, who respectfully represents that:

1. **KAOH MEDIA ENTERPRISES LLC** (hereinafter "**KAOH**"), a Missouri limited liability company, is made Defendant herein, and is justly and truly indebted to Plaintiff for such monies owed for past unpaid overtime wages, damages, penalties, and attorneys' fees as are reasonable, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

2. **Kelly O'Neill,** individually, and as co-founder and managing member of KAOH Media Enterprises LLC, is made Defendant herein, and is justly and truly indebted to Plaintiff for such monies owed for past unpaid overtime wages, damages, penalties, and attorneys' fees as are reasonable, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

3. **Allan Hug**, individually and as co-founder and managing member of KAOH Media Enterprises LLC, is made Defendant herein, and is justly and truly indebted to Plaintiff for such monies owed for past unpaid overtime wages, damages, penalties, and attorneys' fees as are reasonable, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

1

## INTRODUCTION

4. In this action brought by Plaintiff, **OLIVIA ROSING** alleges that Defendants **KAOH**, **Kelly O'Neill**, and **Allan Hug** (collectively, "Defendant" or "Defendants") misclassified her as an "independent contractor" as opposed to an employee, at all times in which she worked for KAOH. As a result, Defendant failed to pay Plaintiff overtime wages as required under federal law. Furthermore, Plaintiff alleges that Defendant violated the laws relative to overtime pay. Plaintiff brings this action seeking damages, backpay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the law.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this court by 42 U.S.C. § 201, *et. seq.*, and by 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1343.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) in that the claim arose in the Eastern District of Louisiana, because Plaintiff was employed in the Eastern District of Louisiana and Plaintiff conducted the work for which she was employed by KAOH in the Eastern District of Louisiana.

## PARTIES

7. Plaintiff, **OLIVIA ROSING**, is a person of the age of majority. At all relevant times, Plaintiff was a resident of Orleans Parish. At all relevant times, Plaintiff was, but is no longer, an employee of Defendant, as defined in 29 U.S.C. § 201 *et seq*, working previously as a social media content provider for KAOH, located at 275 Surf Lane, Pacific, Missouri 63069, from approximately March 2, 2020 to June 30, 2022.

8. At all relevant times, Defendant was and remains an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). Defendant constitutes an enterprise within the meaning of 29 U.S.C. § 203(r)(1), because it performs related activities through common control for a common business purpose. Furthermore, KAOH is considered an "employer"

within the meaning of 29 U.S.C. § 203(e).

9. At all times material hereto, Plaintiff was misclassified as an "independent contractor" by Defendant **KAOH**.

10. At all times material hereto, Plaintiff was employed by Defendant **KAOH**, which was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**FACTS**

11. At all times material hereto, Plaintiff was an nonexempt employee of Defendant, under the Fair Labor Standards Act ("**FLSA**").

12. At all relevant times, Defendant employed Plaintiff under the FLSA. Defendant maintained control over Plaintiff while working for **KAOH**. Defendant supervised Plaintiff. Defendant controlled the hours during which Plaintiff worked and established the employment policies that applied to Plaintiff while working for **KAOH**. Further, Defendant controlled how, when, and how much she was to be paid. Defendant benefited financially from the work Plaintiff performed while working for **KAOH**.. As employer of the Plaintiff, Defendant is responsible for compliance with all of the applicable provisions of the FLSA, as provided in 29 C.F.R. § 791.2(a) and (b).

13. In her job duties as a social media content provider, Plaintiff did not exercise discretion and independent judgement.

14. **KAOH** is in the business of producing or publishing media and public relations. In her job duties as a social media content provider, Plaintiff provided **KAOH's** goods or services to **KAOH**'s clients and therefore is not an exempt administrative employee.

15. The job duties of the social media content provider position did not require invention, imagination, originality or talent, rather the work primarily depended on intelligence, diligence and accuracy. For example, Plaintiff's content was in strict conformance with

3

the KAOH client's brand guidelines and other specifications provided to her by KAOH and or KAOH's client.  Therefore, Plaintiff is not an exempt creative professional.

16. At all relevant times, Plaintiff received no overtime compensation from Defendant despite Plaintiff regularly working hours in excess of 40 hours per week.

17. Defendant's misclassification of Plaintiff as an independent contractor was designed to deny Plaintiff her fundamental rights as a nonexempt employee to receive overtime wages to the benefit of Defendant's profits.

18. Defendant employed guidelines and rules dictating the way in which Plaintiff was to conduct herself while working for **KAOH**. Defendant set the hours of operation, the number of hours per week Plaintiff was required to work, and all other terms and conditions of her employment.

19. Defendant required that Plaintiff work 40 hours each week and regularly gave projects and tasks that required completion after her 40 hour a week schedule.

20. Plaintiff did not exercise the business skills necessary to elevate her status to that of an independence contractor. Plaintiff owned no enterprise and worked for no other employers during her time employed at **KAOH**.

21. Plaintiff did not exert control over a meaningful part of Defendant's business and did not stand as a separate economic entity from Defendant. Defendant exercised control over all aspects of the working relationship between Plaintiff, Defendant and Defendant's clients.

22. Defendant had complete control over the conditions through which Plaintiff was inextricably linked to Defendant. Plaintiff was completely dependent on **KAOH** for her earnings.

23. Defendant controlled all procurement of clients and work assignments without which the Plaintiff could not survive economically. Plaintiff had no control over the client procurement process while working for **KAOH,** nor was she allowed to accept or reject discreet projects.

24. Defendant created and controlled the client pool, client development and assignments of clients at **KAOH**, the existence of which dictated the flow of assignment of work to Plaintiff by **KAOH**.

25. Plaintiff could not actively participate in any effort to increase her client base or establish contracting possibilities different from **KAOH'**s client base because **KAOH** monopolized so much of her working time.

26. Plaintiff was not permitted to hire or subcontract other qualified individuals to provide additional services to **KAOH** or its clients, as an independent contractor in business for themselves would.

27. Defendant dictated the requirements for Plaintiff's hardware and software, and additionally required the installation of remote access software onto Plaintiff's computer, allowing Defendant to treat Plaintiff's computer as its own.

28. Defendant managed all aspects of the business operation, including establishing the hours of operation, setting the atmosphere, coordinating advertising, hiring and controlling the staff. Defendant took the true business risks.

29. The Plaintiff did not control the key determinants of profit and loss of Defendant's enterprise or her own. Specifically, the Plaintiff was not responsible for any aspect of Defendant's on-going business risk. Defendant, as opposed to Plaintiff, was responsible for all financing, the payment of wages, and obtaining all appropriate business insurance and licenses.

30. Plaintiff shouldered no risk of loss. Defendant shouldered the risk of loss.

31. Plaintiff was essential to the success of **KAOH**. The continued success of **KAOH** depends to an appreciable degree upon her production of work for its clients. In fact, the primary reason **KAOH** exists is to provide multi-media services to its clients, including social media posting and public relations.

32. Upon information and belief, all Defendant's actions were willful and not the result of mistake or inadvertence. Defendant was aware that the FLSA applied to its operation of **KAOH** at all relevant times. Defendant chose to continue to misclassify the Plaintiff and withhold payment of overtime wages to her in effort to enhance its profits.

33. Defendant hired a replacement for Plaintiff who is classified as an employee of KAOH, and not an independent contractor. Additionally, during her employment with KAOH, two of the four other social media content providers were classified as employees.

34. In the event Defendant's actions were not willful, Plaintiff alleges in the alternative that Defendant's actions were negligent.

35. Plaintiff has suffered injury, incurred damage, and financial loss as a result of Defendant's conduct complained of herein.

## CLAIM FOR RELIEF
## VIOLATION OF THE FLSA

36. Plaintiff worked in excess of 40 hours per week; however, Defendant has failed to pay Plaintiff overtime wages as set forth in 29 U.S.C. § 207.

37. Defendant failed to pay Plaintiff overtime wages throughout the relevant time period because Defendant willfully misclassified Plaintiff as an independent contractor. Furthermore, Plaintiff worked as an employee and was willfully denied her overtime pay

       by Defendant although she often worked in excess of forty hours per week.

38.    Defendant failed to furnish Plaintiff comprehensive statements showing the hours that she worked and the wages she received during any pay period in the relevant time period as required by FLSA and the promulgated regulations.

39.    Based on the foregoing, Plaintiff seeks unpaid overtime wages at the required legal rate for all her working hours in excess of 40 hours per week during the relevant time period, liquidated damages, prejudgment interest, attorney's fees and costs and all other costs and penalties allowed by law.

       WHEREFORE, PLAINTIFF, **OLIVIA ROSING**, PRAYS THAT:

I.    Defendant be duly cited to appear and answer this petition and be served with a copy thereof.

II.    After due proceedings had and the lapse of all legal delays, there be judgment herein in favor of Plaintiff, **OLIVIA ROSING**, and the Plaintiff Class against Defendants, **KAOH Media Enterprises LLC, Kelly O'Neill and Allan Hug,** individually and *in solido*, for such damages, back pay, liquidated damages, civil penalties, and attorneys' fees, as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

III.    PLAINTIFF FURTHER PRAYS for all orders and decrees necessary in the premises, and for all full, general and equitable relief to which she may be entitled.

       Respectfully submitted this 21st day of September 2022.

Respectfully submitted,

**BUSINESS LAW GROUP, LLC**

By: */s/ Amanda Butler*
Amanda J. Butler (T.A.) (Bar No.31644)
abutler@lawgroup.biz
900 Camp Street, Suite 450 (Physical)
New Orleans, Louisiana 70130
3436 Magazine Street, #8012 (Mailing)
New Orleans, LA 70115
Telephone: (504) 446-6506
Facsimile: (504) 754-7776
**Counsel for Plaintiff, Olivia Rosing**